**Request for Additional Language in Jury Instructions**

<u>Witness Credibility</u>

*Defendant Elias Polanco respectfully requests that the following language be added to the charge is it currently is written*:

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

<u>Conspiracy to Commit Witness Tampering – Generally</u>

*Defendant Elias Polanco respectfully requests that the following language be used in replacement of the current language in the Court's charge cited above*:

Let us now turn to the other charge that both Christian Nieves and Elias Polanco are charged with, which is conspiracy to commit witness tampering. Specifically, the indictment charges that between "February 5, 2019 up to and including … February 6, 2019, Nieves and Polanco knowingly did conspire … to intimidate and threaten an individual with the intent to influence, delay, and prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a federal offense; to wit, Nieves and Polanco agreed with each other to attack and threaten Miguel Carela in order to influence, delay, and prevent Mr. Carela from giving information to law enforcement regarding Nieves' federal crimes.

In order for you to find a given defendant guilty of the charge of conspiring to commit witness tampering, you must find that the government proved each of the following two elements beyond a reasonable doubt:

*Note: This language tracks the indictment in the instant case. Elias Polanco objects to tailoring the charge specifically to the alleged slashing, because such a charge is tailored to a particular government theory that is not present in the indictment, and therefore assists the government in making its argument.*

<u>First Element: Existence of the Conspiracy</u>

*Defendant Elias Polanco respectfully requests that the language of the charge on this element be replaced with the following language*:

Starting with the first element, what is a conspiracy? A conspiracy is an agreement, or an understanding, of two or more persons, to accomplish by concerted action one or more unlawful

purposes, known as the "objects" of the conspiracy. Here, the object of the conspiracy was to commit federal witness tampering, which I have defined in Instruction __. These instructions apply here to define the elements of the objects of the conspiracy. The government is required to prove beyond a reasonable doubt that Nieves and Polanco, in some way or manner, explicitly or implicitly, came to an understanding and agreement to commit federal witness tampering. In other words, they formed a conspiracy that existed to achieve its aim – witness tampering.

However, the actual committing of the object of the conspiracy is <u>not</u> an essential element of the crime of conspiracy. Conspiracy is an entirely distinct and separate offense from the actual witness tampering itself.

In addition, while the indictment charges that the alleged conspiracy to commit witness tampering began on February 5, 2019 and continued through February 6, 2019, the government need not prove that the conspiracy started at a specific time on a specific date. Rather, it is sufficient to satisfy the first element that you find that a conspiracy was in fact formed, and that it existed for any time within the charged period.